IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF JACQUELINE ABRAMS, by Reynaldo Marcano, | : : : | No. 3:23cv307 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : : : | |
| CRESTBROOK INSURANCE COMPANY, a division of Nationwide, Defendant | : : : : | |

## MEMORANDUM

Before the court for disposition is Defendant Crestbrook Insurance Company's motion to dismiss the insurance bad faith claim from the Plaintiff Estate of Jacqueline Abrams's complaint. The matter has been fully briefed and is ripe for disposition.

**Background**[1]

Plaintiff Jacqueline Abrams, now deceased, had a homeowner's insurance policy with defendant covering a property located at 207 Park Street, Honesdale,

---

[1] These brief background facts are derived from plaintiff's second amended complaint. At this stage of the proceedings, we must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

Pennsylvania. (Doc. 1, ¶ 4). Abrams and her husband, Reynoldo Marcano, had used the home during the summer and spent the winter in Florida, which is common for people in the subject area. (Id. ¶ 6). In December 2019, Abrams and Marcano "closed up the property as done prior, allowing water for the heating system and further had the property, thereafter, winterized." (Id. ¶ 7) Subsequently, illness and Covid prevented or barred travel back to the property. (Id.) On or about June 10, 2022, a representative of plaintiff discovered extensive water damage at the insured property. (Id. ¶ 5). A leak in the second-floor bathroom shower caused the damage. (Id.) Plaintiff's representative promptly notified defendant, who then investigated the loss. (Id.)

Investigation revealed that shower had failed on the second floor due to extreme winter cold, and despite the heat provided, water inundated the residence, its contents, and heating system. (Id. ¶ 9).

On December 2, 2022, defendant denied the insurance claim, and despite plaintiff's demand, has failed to pay the claim. (Id. ¶ 10). Due to the failure of defendant to pay, including for the contents of the house and additional living expenses, the residence is now a total loss, and in all likelihood must be torn down. (Id. ¶ 11).

Based upon these facts, plaintiff filed the instant two-count complaint. Count I asserts a cause of action for breach of the insurance contract. (Id. ¶¶ 12-

17) Count II asserts a cause of action for insurance bad faith under 42 PA. CONS. STAT. § 8371. (Id. ¶¶ 18-26). Under Count II, plaintiff seeks interest, punitive damages, attorney's fees, and costs. (Id. ¶ 26).

Defendant has filed a motion to dismiss Count II, bad faith, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, ¶ 1). Defendant is an Arizona company. (Id. ¶ 2). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 3). See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]")

As a federal court sitting in diversity, the court applies state substantive law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). In this case, the relevant state law is that of Pennsylvania as that is where the court sits.

**Legal Standard**

Defendants filed their motion to dismiss Count II of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of

Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendant seeks dismissal of Count II of the complaint, plaintiff's claim for bad faith under 42 PA. CONS. STAT. § 8371 ("section 8371"). Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." The Pennsylvania Supreme Court has held that "to prevail in a bad faith insurance claim pursuant to Section 8371, a plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017).

Regarding bad faith, the complaint alleges: "After Defendant's representative appeared at the property, he . . . determined there was no covered loss because of lack of residence, and/or that fraud in the application occurred[.]" (Doc. 1, ¶ 19). "Defendant stated the insured Plaintiff did not reside in Pennsylvania, although her Estate, her driver's license and death certificate . . . clearly stated she was a Pennsylvania resident." (Id. ¶ 20).

Additionally, per the allegations of the complaint, "Defendant . . . claimed the applicable policy was issued after an alleged fraudulent application was made for the subject policy despite the agent stating no application was used nor signed or submitted for this policy[.]" (Id. ¶ 21). Defendant also ignored evidence plaintiff showed of extensive damage which led to rot and mold. (Id. ¶ 22). Defendant also engaged in bad faith in deciding that the 90-year-old insured did not reside there. According to plaintiff, she did in fact reside at the property as a summer home. (Id. ¶ 23). She maintained and protected the home. (Id.) Recently, however, plaintiff could not personally return to the property due to the weather, Covid precautions, and ill health. (Id.) Therefore, she utilized various agents to maintain the property. (Id.)

Lastly, plaintiff claims the source of the damaging water was a fractured shower, however, defendant denied the claim and asserted the source of the

water was an appliance or plumbing system. (Id. ¶ 24). At this point in the litigation, the court must accept all of these allegations as true.

The basis of the defendant's motion to dismiss the bad faith claims is not that plaintiff has failed to make sufficient allegations of bad faith. Rather, defendant alleges that the complaint leaves out too many facts. For example, it does not mention that Plaintiff Marcano made material misrepresentations, and no insured resided at the property for two and a half years prior to the loss. Moreover, per defendant, the denial of benefits was based, in part, on the findings of a professional engineer and environmental consultant who determined that the damages at issue were long-standing and resulted from a failed valve. Defendant argues that the complaint does not allege anything to support a conclusion that these findings are unreasonable, unreliable, or invalid.

The court finds that dismissal of the bad faith claim at this early stage of the proceedings is not appropriate. Defendant raises what might be considered defenses or evidence contrary to the plaintiff's allegations. At a later point in the case, such assertions may be relevant but at the motion to dismiss stage, they are not. The court treats the complaint's allegations as true at this point. If proven, the complaint's allegations may be sufficient to establish bad faith. Accordingly, the defendant's motion to dismiss the defendant's bad faith claim will be denied. An appropriate order follows.

Date: 6/12/24

_____
JUDGE JULIA K. MUNLEY
United States District Court